**In re VERNITRON SECURITIES LITIGATION.**

**No. 355.**

Judicial Panel on Multidistrict Litigation.

Dec. 18, 1978.

---

## OPINION AND ORDER

Before JOHN MINOR WISDOM, Chairman, and EDWARD WEINFELD, EDWIN A. ROBSON, STANLEY A. WEIGEL, ANDREW A. CAFFREY, and ROY W. HARPER, Judges of the Panel.

PER CURIAM.

This litigation consists of four actions pending in three districts:[1] two actions in the Central District of California,[2] one action in the Northern District of Illinois, and one action in the District of Connecticut.

This litigation had its genesis in administrative proceedings instituted by the Securities and Exchange Commission (SEC) on March 20, 1978, against Bateman Eichler, Hill Richards, Incorporated (BEHR), a stockbrokerage concern with principal offices in Los Angeles, California; and four of its present or former principal executive officers: L. Steven Smith (Smith), Willard G. DeGroot (DeGroot), Robert C. Hill (Hill), and John D. McClure (McClure). The SEC complaint charged that BEHR and Smith, as manager of BEHR's institutional trading department, engaged in illegal manipulative trading in the common stocks of Vernitron Corporation (Vernitron), Frigitronics, Inc. (Frigitronics), Logicon, Inc. (Logicon) and House of Vision, Inc. Specified manipulative or otherwise illegal acts of BEHR and Smith included: 1) placing orders for common stock of Vernitron, Frigitronics and Logicon without having any customer order for those purchases and without having the intent to purchase the securities for BEHR's institutional inventory account; 2) placing the securities in a customer's account without the customer's authorization; 3) placing previously purchased securities in the three companies in a customer's account at a price below the prevailing market price if a customer gave *ex post facto* approval to a purchase; 4) creating a false and misleading appearance of active trading in the stock of the three companies by effecting transactions in the companies' stock which involved no change in beneficial ownership; 5) acquiring beneficial ownership of more than five ·percent of the common stock of Vernitron and Frigitronics without filing the requisite Schedule 13D with the SEC; and 6) causing numerous improper extensions of credit with respect to the accounts of Smith's customers. This conduct allegedly violated, *inter alia*, §§ 9(a)(1), 9(a)(2) and 10(b) of the Securities Exchange Act of 1934 (the Exchange Act) and Rule 10b–5 promulgated thereunder; § 7(c) of the Exchange Act and Regulation T promulgated thereunder; § 17(a)(1) of the Exchange Act and Rule 17a–3 promulgated thereunder; and § 13(d) of the Exchange Act and Rule 13d–1 promulgated thereunder. DeGroot, Hill and McClure, as controlling officers of BEHR, were charged with failing to supervise and with aiding and abetting BEHR and Smith in their alleged violations.

The two California actions are brought, generally, as class actions on behalf of purchasers of the common stock of Vernitron from September, 1976 through July, 1977. BEHR, Smith, DeGroot, Hill and McClure are the· defendants in each action. Only manipulation in the securities of Vernitron is charged in each complaint. Substantively, the allegations track the allegations in the SEC's administrative proceedings pertaining to the common stock of Vernitron. No class determination has yet been made in the California actions.

The Illinois action is brought by an individual customer of BEHR and Smith. In addition to the defendants named in the California actions, the Illinois action also names as a defendant the individual who served as BEHR's vice president and general counsel. The complaint in this action alleges violations of the federal securities laws in connection with the plaintiff's transactions in Vernitron and Frigitronics

1. A fifth action, originally included in the motion presently before the Panel, was terminated in the Northern District of Illinois prior to the Panel's hearing on this matter.

2. One of these actions was originally filed in the Northern District of California and, subsequently, was transferred to the Central District of California pursuant to 28 U.S.C. § 1404(a).

stock, and specifies instances of the general manipulative activities enumerated in the SEC's administrative proceedings.

The Connecticut action is brought against BEHR under the federal securities laws by an individual who claims that he was induced to purchase more shares in Vernitron and Logicon than he originally intended to purchase as a result of the defendant's representation that the sale of the additional shares was an "in-and-out" sale and that the stock in question was being transferred to the plaintiff but had already been resold at a profit.

Defendants BEHR, DeGroot, Hill and McClure move the Panel, pursuant to 28 U.S.C. § 1407, to transfer all actions in this litigation to the Central District of California for coordinated or consolidated pretrial proceedings.[3] Plaintiffs in the two California actions join in the motion to transfer. Plaintiffs in the Connecticut and Illinois actions oppose transfer.

■ We find that the four actions in this litigation raise common questions of fact and that transfer under Section 1407 of the Connecticut and Illinois actions to the Central District of California will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation.

Opponents to transfer contend that transfer of the Illinois and Connecticut actions to the Central District of California is inappropriate because: 1) the common questions of fact among the actions at bar are not sufficiently complex to warrant transfer; 2) most discovery in the Illinois and Connecticut actions will be unique to each respective action; 3) any economies to be realized from transfer can be accomplished through voluntary cooperation of counsel in the actions; 4) prosecution of the Illinois and Connecticut actions would be delayed by, and entangled with, the purported class actions in California, thereby subjecting the

plaintiffs in the Illinois and Connecticut actions to extreme inconveniences, including the additional expense of obtaining Los Angeles counsel; and 5) transfer would be inconsistent with the policy of the federal securities laws as expressed in venue provisions authorizing suit where defendants have transacted business.

We find these arguments unpersuasive. The actions in this litigation clearly involve common questions of fact concerning defendants' allegedly manipulative conduct regarding the stock of Vernitron, Frigitronics and/or Logicon. While damages arising from separate individual transactions may be sought in the Connecticut and Illinois actions, the common factual questions are nonetheless central to all actions in this litigation. Transfer under Section 1407 is thus necessary to prevent duplication of discovery, eliminate the possibility of conflicting pretrial rulings, and conserve the efforts of the parties, the witnesses, and the judiciary. While voluntary coordination of discovery efforts among parties and their counsel is always commendable, transfer of these actions to a single district under Section 1407 will ensure the streamlining of discovery and all other pretrial proceedings as well. *See In re Ascot Oils, Inc. Securities Litigation*, 433 F.Supp. 1118, 1120 (Jud. Pan.Mult.Lit.1977).

The concern raised by opponents to transfer over the impact that participation in coordinated or consolidated pretrial proceedings will have on the conduct of the Connecticut and Illinois actions is unwarranted. Plaintiffs in these actions need not participate in discovery or other pretrial proceedings unrelated to their respective actions. *See, e. g., Manual for Complex Litigation*, Parts I & II, § 2.31 (rev. ed. 1977). Also, opponents' worries about the need to hire local counsel are misplaced, because parties to any action transferred under Section 1407 are not required to ob-

**3.** Movants have also informed the Panel of three additional actions pending in the Central District of California that may be related to this litigation. Because of the Panel's disposition herein, these three actions are already pending

before the transferee court, and thus no further action regarding these actions is necessary by the Panel. *See* Rule 10(a), R.P.J.P.M.L., 78 F.R.D. 561, 568 (1978).

tain local counsel in the district to which the action is transferred. *See* Rule 3, R.P.J. P.M.L., 78 F.R.D. 561, 563 (1978). Furthermore, we are confident that prudent counsel in all actions can apportion their workload and otherwise combine forces to effectuate an overall savings of cost and a minimum of inconvenience to all concerned with the pretrial activities. *See Manual, supra,* at Part I, §§ 1.90–1.93.

■ The Panel's discretion under Section 1407 is not limited by venue considerations. *In re Falstaff Brewing Corporation Antitrust Litigation,* 434 F.Supp. 1225, 1229 (Jud.Pan.Mult.Lit.1977). Nor can the policies behind venue provisions designed to operate in the context of single independent actions prevail, in a multidistrict context, over the Panel's statutory mandate to weigh the interests of all the plaintiffs and all the defendants and to consider multidistrict litigation as a whole in light of the purposes of the law. *Id.* We see no reason to accord plaintiffs in the Connecticut and Illinois actions any special treatment where, as here, the need for centralized pretrial proceedings has otherwise been demonstrated.

The Central District of California is clearly the most appropriate transferee forum for this litigation. Many relevant documents and witnesses will be found in Los Angeles because BEHR's main office is there and individual defendants reside there. Furthermore, the two actions brought as purported class actions are pending there, as are three additional seemingly related actions.[4] *See In re Investors Funding Corporation of New York Securities Litigation,* 437 F.Supp. 1199, 1203 (Jud.Pan. Mult.Lit.1977).

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on the following Schedule A and pending in districts other than the Central District of California be, and the same hereby are, transferred to that district and, with the consent of that court, assigned to the Honorable William Matthew Byrne, Jr. for

4. See note 3, *supra.*

coordinated or consolidated pretrial proceedings with the actions listed on Schedule A and pending there.

### SCHEDULE A
#### Central District of California

| | |
|---|---|
| Joel Lewinson, et al. v. Bateman Eichler, et al. | Civil Action No. 78–1859 |
| Conway Smith, Jr., et al. v. Bateman Eichler, et al. | Civil Action No. CV78–2640–WMB |

#### District of Connecticut

| | |
|---|---|
| Milton Schwartz v. Bateman Eichler, et al. | Civil Action No. B78–133 |

#### Northern District of Illinois

| | |
|---|---|
| Theodore Tannebaum v. Bateman Eichler, et al. | Civil Action No. 78–2300 |