## In re VERNITRON SECURITIES LITIGATION.

*Noland H. Schneider v. Bateman Eichler,*
*Hill Richards, Inc., et al.,* D. Utah,
C.A. No. C-78-0331.

**No. 355.**

Judicial Panel on Multidistrict Litigation.

April 24, 1979.

Before MURRAY I. GURFEIN, Chairman, and EDWIN A. ROBSON, STANLEY A. WEIGEL * ANDREW A. CAFFREY, ROY W. HARPER, and CHARLES R. WEINER, Judges of the Panel.

OPINION AND ORDER

PER CURIAM.

The Panel, pursuant to 28 U.S.C. § 1407, previously centralized four actions in this litigation in the Central District of California before the Honorable William Matthew Byrne, Jr., for coordinated or consolidated pretrial proceedings. *In re Vernitron Securities Litigation,* 462 F.Supp. 391 (Jud.Pan. Mult.Lit.1978).

This litigation had its genesis in administrative proceedings instituted by the Securities and Exchange Commission (SEC) on March 20, 1978, against Bateman Eichler, Hill Richards, Incorporated (BEHR), a stockbrokerage concern with principal offices in Los Angeles, California; and four of its present or former principal executive officers: L. Steven Smith (Smith), Willard G. DeGroot (DeGroot), Robert C. Hill (Hill),

* Judge Weigel took no part in the decision of this matter.

and John D. McClure (McClure). The SEC complaint charged that BEHR and Smith, as manager of BEHR's institutional trading department, engaged in illegal manipulative trading in the common stocks of Vernitron Corporation (Vernitron), Frigitronics, Inc. (Frigitronics), Logicon, Inc. (Logicon) and House of Vision, Inc. Specified manipulative or otherwise illegal acts of BEHR and Smith included: 1) placing orders for common stock of Vernitron, Frigitronics and Logicon without having any customer order for those purchases and without having the intent to purchase the securities for BEHR's institutional inventory account; 2) placing the securities in a customer's account without the customer's authorization; 3) placing previously purchased securities in the three companies in a customer's account at a price below the prevailing market price if a customer gave *ex post facto* approval to a purchase; 4) creating a false and misleading appearance of active trading in the stock of the three companies by effecting transactions in the companies' stock which involved no change in beneficial ownership; 5) acquiring beneficial ownership of more than five percent of the common stock of Vernitron and Frigitronics without filing the requisite Schedule 13D with the SEC; and 6) causing numerous improper extensions of credit with respect to the accounts of Smith's customers. This conduct allegedly violated, *inter alia*, §§ 9(a)(1), 9(a)(2) and 10(b) of the Securities Exchange Act of 1934 (the Exchange Act) and Rule 10b–5 promulgated thereunder; § 7(c) of the Exchange Act and Regulation T promulgated thereunder; and § 13(d) of the Exchange Act and Rule 13d–1 promulgated thereunder. DeGroot, Hill and McClure, as controlling officers of BEHR, were charged with failing to supervise and with aiding and abetting BEHR and Smith in their alleged violations.

Two of the actions centralized in the transferee district by the Panel are brought as class actions against BEHR, Smith, DeGroot, Hill and McClure. The allegations of the complaints track the allegations in the SEC's administrative proceedings pertaining to the common stock of Vernitron.

The third action in the transferee district is brought by an individual customer of BEHR and Smith against BEHR, Smith, DeGroot, Hill, McClure, and the individual who served as BEHR's vice president and general counsel. The complaint in the third action alleges violations of the federal securities laws in connection with the plaintiff's transactions in Vernitron and Frigitronics stock, and specifies instances of the general manipulative activities enumerated in the SEC's administrative proceedings. The fourth action in the transferee district is brought against BEHR by an individual who claims that he was fraudulently induced to purchase more shares in Vernitron and Logicon than he originally intended.

In addition to the four actions centralized by the Panel, three related actions have been filed in the transferee district and assigned to Judge Byrne. All three of these actions are brought against BEHR and/or BEHR employees and involve allegations of illegal manipulation of, and unauthorized trading in, Frigitronics stock. The complaint in one of these actions alleges similar illegal conduct with respect to the stock of Vernitron, Logicon and Envirodyne, Inc. also.

The above-captioned action (*Schneider*) is brought against BEHR, DeGroot, Hill and McClure in the District of Utah. In a multi-count complaint plaintiff charges defendants with federal securities law, Utah securities law and common law violations in connection with 1) Smith's sale to plaintiff of Logicon stock, Frigitronics stock options, and House of Vision stock; and 2) Smith's alleged misrepresentations to plaintiff designed to encourage plaintiff to retain Frigitronics common stock. Specific instances of alleged misconduct—e. g., BEHR and Smith's actions designed to create misleading trading in the stock of Frigitronics, Logicon, and House of Vision stock; BEHR and Smith's failure to disclose beneficial ownership of more than five percent of Frigitronics stock: their retention of securities in plaintiff's account without his authorization; and DeGroot, Hill and McClure's failure to supervise BEHR and Smith—

track the allegations in the SEC's administrative proceedings. Plaintiff also claims that defendants are responsible for Smith's failure to disclose the risks of "down and outer"[1] Frigitronics stock options and for Smith's oral misrepresentations made in connection with touting Frigitronics, Logicon and House of Vision stock.

Because *Schneider* appeared to share questions of fact with actions previously centralized in the Central District of California, the Panel, pursuant to 28 U.S.C. § 1407 and Rule 10(b), R.P.Jud.Pan.Mult. Lit., 78 F.R.D. 561, 568 (1978), issued an order to show cause why *Schneider* should not be transferred to the Central District of California for inclusion in the coordinated or consolidated pretrial proceedings being conducted there. All four defendants in *Schneider* support transfer. Plaintiff in *Schneider* opposes inclusion of *Schneider* in the Section 1407 proceedings.

We find that *Schneider* shares questions of fact with the actions previously transferred to the Central District of California and that transfer of *Schneider* to that district under Section 1407 will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation.

 Plaintiff in *Schneider* admits that *Schneider* shares some factual questions with the actions in the Central District of California, but he urges the Panel to deny transfer of *Schneider* because 1) *Schneider* involves no purchases of Vernitron or Frigitronics stock; 2) the option transactions in *Schneider* present unique factual questions, including those arising from the use of the facilities of another brokerage house in order to effect the trades; and 3) pretrial proceedings in *Schneider* would be delayed and confused in the transferee district as a result of entanglement with the purported class actions pending there.

We find these arguments unpersuasive. *Schneider* and actions already in the transferee district share common questions of fact regarding the same claims of market manipulation and other violations of securities laws by the same defendants with respect to the same stocks—those of Logicon and Frigitronics. Moreover, because the same allegedly illegal manipulative activity has affected the market in Frigitronics stock options as well, the common factual questions between *Schneider* and actions in the transferee district embrace that portion of *Schneider* that involves purchases of Frigitronics stock options. Transfer under Section 1407 is thus necessary in order to prevent duplication of discovery, eliminate the possibility of conflicting pretrial rulings, and conserve the efforts of the parties, the witnesses and the judiciary. Of course, discovery on any issues unique to *Schneider* may be scheduled by the transferee judge to proceed in a separate discovery schedule concurrently with discovery on common issues. *See In re Republic National-Realty Equities Securities Litigation*, 382 F.Supp. 1403, 1405–06 (Jud.Pan.Mult.Lit.1974).

 Finally, as in our original opinion in this litigation, we hold that the concern over the impact that coordinated or consolidated pretrial proceedings will have on the conduct of an individual action, such as *Schneider*, is unwarranted. As we noted in that opinion, plaintiffs in the actions in this docket need not participate in discovery or other pretrial proceedings unrelated to their respective actions. *In re Vernitron Securities Litigation, supra*, 462 F.Supp. at 393, citing *Manual for Complex Litigation*, Parts I and II, §§ 2.31 (rev. ed. 1977). We remain confident that prudent counsel in all actions can apportion their workload and otherwise combine forces to effectuate an overall sav-

---

1. A "down and outer" option is described in the complaint as follows:

A "down and outer" call option is distinct from an ordinary call option in that the option will expire and the option holder loses the right to purchase the stock, i. e., exercise the option, at the earlier of (1) the expiration date in the contract, or (2) such time as a round lot (100 shares) sale of the underlying security takes place at or below the "expiration price" specified in the contract. The "expiration price" for a "down and outer" option is usually 10% below the "strike price" (the market price when the option is written).

ings of cost and a minimum of inconvenience to all concerned with the pretrial activities. *See Manual, id.* at Part I, §§ 1.90–1.93.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the action captioned *Noland H. Schneider v. Bateman Eichler, Hill Richards, Inc., et al.,* D. Utah, C. A. No. C–78–0331, be, and the same hereby is, transferred to the Central District of California and, with the consent of that court, assigned to the Honorable William Matthew Byrne, Jr., for coordinated or consolidated proceedings with the actions already pending there in MDL–355.