**In re: PARK WEST GALLERIES, INC., MARKETING AND SALES PRACTICES LITIGATION.**

**MDL No. 2076.**

United States Judicial Panel on Multidistrict Litigation.

Aug. 11, 2009.

---

Before JOHN G. HEYBURN II, Chairman, ROBERT L. MILLER, JR., KATHRYN H. VRATIL, DAVID R. HANSEN, W. ROYAL FURGESON, JR., and FRANK C. DAMRELL, JR., Judges of the Panel.

## TRANSFER ORDER

JOHN G. HEYBURN II, Chairman.

**Before the entire Panel:** Defendants Park West Galleries, Inc., Fine Art Sales, Inc., PWG Florida, Inc., Vista Fine Art, LLC, and Albert Scaglione have moved, pursuant to 28 U.S.C. § 1407, to centralize this litigation in the Eastern District of Michigan. This litigation currently consists of one action pending in that district (*Bohm*) and two actions pending in the Southern District of Florida (*Bouverat*) and Western District of Washington (*Blackman*), respectively, as listed on Schedule A.[1]

Defendants Holland America Line Inc. and Holland America Line–USA Inc., which are the only cruise line defendants and are sued only in *Blackman*, submitted a statement of non-opposition to the Section 1407 motion. Plaintiffs in the *Bohm* and *Blackman* actions, however, oppose the motion. If the Panel orders centralization over their objections, plaintiffs in *Blackman* ask that the Panel centralize the litigation in the Western District of Washington, whereas plaintiffs in *Bohm* favor selection of their district as transferee district.

On the basis of the papers filed and the hearing session held, we find that these three actions involve common questions of fact, and that centralization under Section 1407 in the Western District of Washington will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. The actions share allegations that defendants operated a fraudulent scheme to sell fake, worthless, or low-value artwork at shipboard auctions or in private sales through the use of phony appraisals and/or other sales-related documentation. Centralization under Section 1407 will

---

1. The Panel has been notified of three additional related actions. Those actions and any other related actions will be treated as potential tag-along actions. See Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435–36 (2001).

eliminate duplicative discovery, prevent inconsistent pretrial rulings (including with respect to class certification and the extraterritorial reach, if any, of RICO and state consumer protection statutes), and conserve the resources of the parties, their counsel and the judiciary.

We conclude that the Western District of Washington is an appropriate transferee district for pretrial proceedings in this docket. The *Blackman* action is measurably more advanced than the action pending in the Eastern District of Michigan, the forum favored by moving defendants. In addition, Chief Judge Robert S. Lasnik, who is already presiding over *Blackman,* has the time and experience to steer these actions on a prudent course.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the Western District of Washington are transferred to the Western District of Washington and, with the consent of that court, assigned to the Honorable Robert S. Lasnik for coordinated or consolidated pretrial proceedings with the action pending in that district and listed on Schedule A.

### SCHEDULE A

**MDL No. 2076 — IN RE: PARK WEST GALLERIES, INC., MARKETING AND SALES PRACTICES LITIGATION**

*Southern District of Florida*

*David Bouverat v. Park West Gallery, Inc.,* C.A. No. 1:08–21331

*Eastern District of Michigan*

*Joseph Bohm, et al. v. Park West Gallery, Inc., et al.,* C.A. No. 2:09–11392

*Western District of Washington*

*Rodney J. Blackman, et al. v. Park West Galleries, Inc., et al.,* C.A. No. 2:08–1310