In re PARK WEST GALLERIES, INC., MARKETING AND SALES PRACTICES LITIGATION.

Bruce Aleman, et al.

v.

Park West Galleries, Inc., et al., E.D. Michigan, C.A. No. 2:09–12896.

Sean Mullen

v.

Park West Galleries, Inc., et al., E.D. Michigan, C.A. No. 2:09–12947.

MDL No. 2076.

United States Judicial Panel on Multidistrict Litigation.

Dec. 2, 2009.

Before ROBERT L. MILLER, JR., KATHRYN H. VRATIL, DAVID R. HANSEN, W. ROYAL FURGESON, JR., FRANK C. DAMRELL, JR. and DAVID G. TRAGER, Judges of the Panel.

### TRANSFER ORDER

JOHN G. HEYBURN II, Chairman.

**Before the entire Panel:** Defendant Royal Caribbean Cruises Ltd. (Royal Caribbean) moves the Panel to vacate its order conditionally transferring these two actions (*Aleman* and *Mullen*) to the Western District of Washington for inclusion in MDL No. 2076. Responding plaintiffs and defendants Park West Galleries, Inc., Fine Art Sales, Inc., PWG Florida, Inc., Vista

Fine Art LLC, and Albert Scaglione oppose the motion.

■ After considering all argument of counsel, we find that these two actions involve common questions of fact with actions in MDL No. 2076, and that transfer of these actions to the Western District Washington for inclusion in that multidistrict proceeding will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. We further find that transfer of these actions is appropriate for reasons that we set out in our original order directing centralization in this docket. In that order, we held that the Western District of Washington was a proper Section 1407 forum for actions involving an alleged fraudulent scheme to sell fake, worthless, or low-value artwork at shipboard auctions or in private sales through the use of phony appraisals and/or other sales-related documentation. *See In re: Park West Galleries, Inc., Marketing and Sales Practices Litigation,* 645 F.Supp.2d 1358 (J.P.M.L.2009).

■ In opposing transfer, Royal Caribbean principally argues that transfer of *Aleman* and *Mullen* to the Western District of Washington would run afoul of forum selection clauses in plaintiffs' cruise ticket contracts, which specify that any litigation related thereto must commence in Miami, Florida. We respectfully disagree with this argument. When civil actions satisfy the criteria set forth in 28 U.S.C. § 1407(a), the statute authorizes the Panel to centralize those actions (as well as any subsequently identified tag-along actions) in "any district." "[C]ontractual forum selection clauses [thus] do not limit the Panel's authority with respect to the selection of [a] transferee district," or, by the same token, our authority to transfer tag-along actions to an existing MDL. *See In re Medical Resources Securities Litigation,* 1998 U.S. Dist. LEXIS 15832, at *3 (J.P.M.L. Oct. 7, 1998); *cf. In re Vernitron Securities Litigation,* 462 F.Supp. 391, 393–94 (J.P.M.L.1978) (rejecting argument that Section 1407 transfer is "inconsistent with the policy of the federal securities laws as expressed in venue provisions authorizing suit where defendants have transacted business"); *In re Falstaff Brewing Corp. Antitrust Litigation,* 434 F.Supp. 1225, 1229 (J.P.M.L.1977) (stating that when considering transfer under Section 1407, the Panel "is not encumbered by considerations of venue"). It also bears noting that because Section 1407 transfer is for pretrial purposes only, our denial of this motion to vacate in no way precludes Royal Caribbean from seeking enforcement of the forum selection clauses for purposes of trial.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, these two actions are transferred to the Western District of Washington and, with the consent of that court, assigned to the Honorable Robert S. Lasnik for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.